Order, Supreme Court, New York County (Charles E. Ramos, J.), entered on or about December 6, 2012, which, upon renewal, granted defendants’ motion to stay the instant class action pending arbitration and to compel arbitration, unanimously reversed, on the law, without costs, and defendants’ motion denied. Appeal from decision, same court and Justice, dated October 22, 2012, which directs the settlement of an order, unanimously dismissed, without costs, as taken from a nonappealable paper. Appeals from order, same court and Justice, entered December 5, 2011, and from the corresponding so-ordered transcript, entered on or about January 17, 2012, unanimously dismissed, without costs, as superseded by the order entered on or about December 6, 2012.
The arbitration agreement in the Form U4 signed by plaintiff provides for the arbitration of disputes “under the rules, constitutions, or by-laws of [the Financial Industry Regulatory Authority (FINRA)].” Accordingly, under the plain terms of the agreement, “arbitration shall be governed by the rules promulgated by FINRA,” including former FINRA rule 13204 (d) (now [a] [1]), which “prohibits arbitration of class action claims” (Gomez v Brill Sec., Inc., 95 AD3d 32, 37 [1st Dept 2012]; see also Velez v Perrin Holden & Davenport Capital Corp., 769 F Supp 2d 445, 446-447 [SD NY 2011]).
The arbitration clause in the employment agreement between plaintiff and defendant John Thomas Financial (JTF) provides
*579 that employment disputes shall be resolved in an arbitration “under the auspices of FINRA.” Contrary to the motion court’s conclusion, the employment agreement, like the Form U4, contemplates that arbitration shall be governed by the rules promulgated by FINRA, including FINRA rule 13204. Indeed, a party cannot agree to arbitrate “under the auspices of FINRA” without agreeing to abide by FINRA’s arbitration rules and the limits therein, at least not in the absence of an express agreement stating otherwise (see Macquarie Holdings [USA] Inc. v Song, 82 AD3d 566, 567 [1st Dept 2011]).
Moreover, since the Form U4 and the employment agreement were executed at substantially the same time and relate to the same subject matter, they “are regarded as contemporaneous writings and must be read together as one” (PETRA CRE CDO 2007-1, Ltd. v Morgans Group LLC, 84 AD3d 614, 615 [1st Dept 2011], lv denied 17 NY3d 711 [2011]). Accordingly, both the Form U4 and the employment agreement incorporate the FINRA rule prohibiting arbitration of class action claims like the ones at issue here. Concur — Mazzarelli, J.P., Renwick, Manzanet-Daniels, Gische and Clark, JJ.